

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-12-2005

# Hughes v. ABB Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3064

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Hughes v. ABB Inc" (2005). *2005 Decisions.* Paper 1203.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1203

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 04-3064

_____

WILLIAM L. HUGHES,

*Appellant*

v.

ABB INC.; UAW LOCAL 2255; WADE BIRCHFIELD, INDIVIDUALLY
AND AS PRESIDENT OF UAW LOCAL 2255

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. No. 04-cv-00619)
District Judge: Honorable Clarence C. Newcomer

_____

Submitted Under Third Circuit LAR 34.1(a):
April 19, 2005
Before: ROTH, FUENTES and BECKER, *Circuit Judges*.

(Filed May 12, 2005 )

_____

OPINION

_____

BECKER, *Circuit Judge*.

William Hughes appeals from an order of the District Court dismissing his

complaint against his former employer, defendant ABB Inc., defendant UAW Local 2255, and the union's president, defendant Wade Birchfield, removed from the Common Pleas Court of Bucks County (Pennsylvania) to the Eastern District of Pennsylvania, for failure to state a claim for relief. Fed. R. Civ. P. 12(b)(6). The complaint, which alleged breach of contract, misrepresentation, unlawful, willful and malicious conduct, and negligence, was founded upon the theory that Hughes was not permitted to participate in a voluntary retirement program, collectively bargained for between ABB and United Auto Workers Union Local 2255, of which Hughes was a member, that was offered to a certain group of employees in March 2001 and again in July 2001. Hughes did not wish to participate (by retiring early) in March, but he became seriously ill in July. Hughes claims never to have received the second retirement package which he says is in violation of the union agreements.

Hughes argues that his complaint was based on state law, and hence the District Court erred in applying federal law involving collective bargaining agreements and a federal six-month statute of limitations. He also alleges that his due process rights were violated since the facts were not reviewed by a trier of fact. We disagree. Breaches of collective bargaining agreements are governed by federal law, and any state law claims for breaches of collective bargaining agreements are preempted by federal law and must be brought under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, because the claims are "founded directly on rights created by collective bargaining

agreements."[1] Moreover, because Hughes' state law claims are preempted by § 301, they had to have been filed within six months after he discovered that his appeals to the union for participation in the voluntary retirement program would be futile. *See Del Costello v. Int'l Bhd. of Teamsters*, 462 U.S. 151 (1983). At the latest, Hughes was aware that his appeals to the union were futile by the end of January 2003. But Hughes' complaint was not filed until December 10, 2003, more than four months after the statute of limitations had expired.

Hughes has attempted to evade the applicability of the § 301 statute of limitations by recasting his complaint as arising under the Labor-Management Reporting & Disclosure Act ("LMRDA"), 29 U.S.C. § 431 *et seq*. This argument is legally frivolous. The LMRDA is not implicated by the facts alleged in Hughes' complaint, for the sections of the LMRDA relied upon by Hughes relate to union members' equal rights in the government and management of their union and union members' right to free speech and assembly in the management of their union.

The order of the District Court will be affirmed.

---

[1] A litany of cases supports this proposition: *see, e.g., Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210 (1985), *Beidelman v. Stroh Brewery Co.*, 182 F.3d 225, 232 (3d Cir. 1999), *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 403-04 & n.3 (1988).